MAKAR, J.,
dissenting.
Barging into an apartment, over the tenant’s objection with neither a warrant nor an exigency for doing so, culminated the police’s intense overnight quest to locate the victim’s cellphone whose power was diminishing. No matter how well-intentioned,[13] doing so was inconsistent with constitutional principles. But once the girlfriend-tenant fully understood the gravity of the violent sex crime being investigated, and that her boyfriend could well be the perpetrator, she changed her tune so markedly that the trial court — who heard both her testimony and that of the officers — concluded that an unequivocal break in the initial chain of illegality was shown by clear and convincing evidence. Norman v. State, 379 So.2d 643, 646 (Fla. 1980). The trial court’s conclusion that her consent was freely and voluntarily given, thereby overcoming the presumption that the initial illegal search was tainted and rendered a subsequent consent involuntary, is supported by the testimony he heard. Bolstering his conclusion was the fact that the girlfriend-tenant continued voluntarily to give consent to the officers to search the apartment and then her car (which the boyfriend had used to cruise for women and drugs the prior evening when the brutal attack occurred) thereafter; she also opened up and became even more cooperative after her boyfriend had left the premises, suggesting that his presence may have initially contributed to any reluctance on her part to consent. The ruling the trial court faced was a close one on this record, particularly because of the closeness in time between the initial search and the girlfriend-tenant’s consent. The trial judge, who clearly understood the applicable law, made a supportable conclusion under the totality of the circumstances that the girlfriend-tenant had a clear change of heart, saying that “as soon as [she] understood the gravity of the circumstances she began to cooperate.” Thus, although I concur that the initial entry into the apartment was unconstitutional and that the inevitable discovery doctrine does not apply, I would affirm the trial court’s ruling and the challenged conviction based on the girlfriend-tenant’s consent.

. It is highly commendable that police officials responded rapidly to the assault on the student, who was returning home from an off-campus bar. The sad reality in society is that sexual violence against female college students is a far too common occurrence— roughly "[o]ne out of five undergraduate women experience an attempted or completed sexual assault during the college years” according to one recent study. The Campus Sexual Assault (CSA) Study, Final Report, National Institute for Justice, viii, xviii & 5-15 (Oct. 2007) (noting that freshmen and sophomores are "at greater risk for victimization than juniors and seniors” and that approximately 23.3% of the time the victim had neither seen nor spoken with the perpetrator in forced sexual assaults (11.5% for "incapacitated” sexual assaults where victims are incapable of giving consent because they have been, for example, drugged or become drunk)).